FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 23 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

JUAN LANTIGUA-ALMONTE,

                Plaintiff,

-against-                            **MEMORANDUM AND ORDER**
                                              12-CV-2115 (MKB)

UNITED STATES OF AMERICA, ET AL.,

                Defendants.
----------------------------------------X

BRODIE, United States District Judge:

      Plaintiff Juan Lantigua-Almonte, currently incarcerated at the Federal Correctional Institution in Cumberland, Maryland, files this action *pro se* pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80 ("FTCA"). Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted pursuant to 28 U.S.C. § 1915. For the reasons discussed below, plaintiff is directed to show cause within thirty (30) days of this Order, why his complaint should not be dismissed as time-barred.

## STANDARD OF REVIEW

      *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## BACKGROUND

Plaintiff alleges that on July 2, 2010, he sustained knee and back injuries from a slip and fall accident at the Metropolitan Detention Center ("MDC"). Compl. at 4. Plaintiff further alleges that he received inadequate and untimely medical care for his injuries. *Id.* On November 12, 2010, plaintiff had surgery for a "complete left knee reconstruction." *Id.* Plaintiff argues that "had treatment been more timely, less damage to my knee and back would have been sustained." *Id.* Plaintiff seeks $2,500,000.00 in damages. Compl. at 18.

## DISCUSSION

Plaintiff invokes the jurisdiction of this Court pursuant to the FTCA. Exercising its independent obligation to determine whether the Court has jurisdiction, *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."), the Court must determine whether plaintiff can maintain a sufficient FTCA claim to confer subject matter jurisdiction upon this Court. The FTCA provides the exclusive remedy for a suit alleging damages for injury or loss of property "resulting from the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). The United States has waived its sovereign immunity for these certain classes of tort actions. 28 U.S.C. § 1346(b)(1). This waiver is contingent, however, on the claimant having previously presented his or her claim to the appropriate federal agency and on that agency having denied the claim. 28 U.S.C. § 2675(a) ("An action shall not be instituted . . . [u]nless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall

2

have been finally denied by the agency in writing and sent to him by certified or registered mail.")

The FTCA further provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). This exhaustion requirement is jurisdictional and cannot be waived. *Celestine v. Mounte Vernon Neighborhood Health Center*, 403 F.3d 76, 82 (2d Cir. 2005) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *Rosenblatt v. St. John's Episcopal Hosp.*, No. 11 Civ. 1106, 2012 WL 294518, at *3 (E.D.N.Y. Jan. 31, 2012); *Castellanos v. Elrac Inc.*, No 07 Civ. 2191, 2008 WL 919641, at *2 (E.D.N.Y. Apr. 3, 2008).

Here, plaintiff states that on December 16, 2010, he filed an Administrative Tort Claim with the Federal Bureau of Prisons ("BOP"). Compl. at 4 & Exh. 2. On February 2, 2011, he filed a supplemental claim. Compl. at 5 & Exh. 3. Plaintiff states that "[o]n June 21, 2011, Henry J. Sadowski, Regional Counsel for the BOP's Northeast Regional Office sent a certified notice to [p]laintiff which denied his Administrative Tort claim." Compl. at 5 & Exh 1. Therefore, plaintiff's complaint is untimely as it was filed on April 27, 2012, more than six months after he received the final agency determination. Thus, unless plaintiff establishes that he is entitled to equitable tolling, this court is without jurisdiction to hear plaintiff's claim.

"As a general matter, a litigant seeking equitable tolling must establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d

3

Cir. 2010) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). Plaintiff states that he is entitled to equitable tolling because he was "hindered from a timely filing due to be[ing] transferred to another correctional facility as well as a language barrier." Compl. at 10. "Because statutes of limitations protect important social interests in certainty, accuracy, and repose, equitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (internal quotation marks and alteration omitted). Here, plaintiff has not made a sufficient showing that he is entitled to equitable tolling.

## CONCLUSION

In an abundance of caution, and because of plaintiff's *pro se* status, plaintiff is hereby directed to show cause within thirty (30) days of the date of this order why this action should not be dismissed as time-barred. Plaintiff shall provide more information, including dates, to support his claim that his prison transfer and language barrier impeded the timely filing of this complaint and that he is entitled to the drastic remedy of equitable tolling.

The submission must include the docket number 12-CV-2115 (MKB). No summons will issue at this time and all further proceedings shall be stayed for thirty (30) days or until plaintiff has complied with this Order. If plaintiff fails to comply with this Order within the time allowed, the case shall be dismissed and judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

/S/
_____
MARGO K. BRODIE
United States District Judge

Dated: May 23, 2012
      Brooklyn, New York