UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

JUAN LANTIGUA-ALMONTE,

                 Plaintiff,                 **MEMORANDUM & ORDER**
                                                                   12-CV-2115 (MKB)

           v.

UNITED STATES OF AMERICA,

                 Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Juan Lantigua-Almonte commenced the above-captioned action on April 27, 2012, against the United States of America, Hasan Gregory, and other physicians and health care providers acting as agents of the United States, alleging medical malpractice and deliberate indifference pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346. (Compl. ¶ 1.) The Court subsequently dismissed Gregory and all unnamed Defendants from this action. (Order dated June 6, 2012 (directing the United States Marshals Service to serve the United States of America and dismissing all other parties from the action).) In June 2013, Plaintiff was deported and has since failed to pursue this action. Defendant moves to dismiss the Complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. By report and recommendation issued on July 29, 2014, Magistrate Judge Cheryl L. Pollak recommended that the Court grant Defendant's motion to dismiss the Complaint. Plaintiff filed no objections. For the reasons set forth below, the Court adopts the report and recommendation and grants Defendant's motion to dismiss the Complaint.

**I. Background**

On December 4, 2012, Judge Pollak held an initial conference in this action. (Minute Entry dated Dec. 4, 2012.) At a status conference held on February 27, 2013, the parties informed Judge Pollak that they were discussing settlement. (*See* Minute Entry dated Feb. 27, 2013.) As of March 21, 2013, the parties were continuing to discuss settlement. (*See* Minute Entry dated Mar. 21, 2013.) During a telephone conference held on May 30, 2013, Plaintiff informed Judge Pollak that he anticipated being deported from the United States. (*See* Minute Entry dated May 31, 2013.) Judge Pollak advised Plaintiff of the difficulty of proceeding with this action subsequent to his anticipated deportation and directed Plaintiff to contact the Court "as soon as possible" with an updated address and other contact information. (Order dated May 30, 2013.) Plaintiff never provided the Court with updated contact information. Plaintiff has not contacted the Court since the telephone conference held on May 30, 2013.

On October 31, 2013, Defendant submitted a status report to the Court. (Docket Entry No. 39.) Defendant represented that Plaintiff was deported in June 2013, and that Plaintiff had not contacted Defendant. (*Id.*) Defendant also requested leave to move to dismiss this action for failure to prosecute. (*Id.*) Judge Pollak granted Defendant's request. (Endorsed Letter Order dated Feb. 12, 2014.) On April 14, 2014, Defendant moved to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Docket Entry No. 45.) The Court referred the motion to dismiss to Judge Pollak for a report and recommendation. (Order dated Apr. 15, 2014.)

On July 29, 2014, Judge Pollak issued a Report and Recommendation ("R&R"), recommending that the Court grant Defendant's motion to dismiss the Complaint pursuant to Rule 41(b). (Docket Entry No. 46.) A copy of the R&R, sent to Plaintiff's last known address,

was returned as undeliverable. (Docket Entry No. 47.) Plaintiff filed no objections and has failed to otherwise contact the Court.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. New York State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

The Court has reviewed the unopposed R&R, and, finding no clear error, the Court adopts Judge Pollak's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1).

**III. Conclusion**

The Complaint is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court is directed to close this case.

SO ORDERED:

___s/ MKB___
MARGO K. BRODIE
United States District Judge

Dated: September 15, 2014
Brooklyn, New York